IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

09-CR-047-S

JOSEPH ANDERSON,

Defendant.

**PLEA AGREEMENT**

The defendant, JOSEPH ANDERSON, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

**I. THE PLEA AND POSSIBLE SENTENCE**

1. The defendant agrees to waive indictment and to plead guilty to a one count Superseding Information charging a violation of Title 18, United States Code, Section 4 (misprision of felony), for which the maximum possible sentence is a term of imprisonment of 3 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of 1 year. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing. The defendant understands that the penalties set forth in this

paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 1 year, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in paragraph 1 of this agreement.

## II.  ELEMENTS AND FACTUAL BASIS

3. The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime: that the felony of possession of a firearm by a previously convicted felon was committed by someone other than the defendant; that the defendant had knowledge of the commission of the felony; that the defendant failed to notify the relevant federal

authorities about the commission of the offense; and that the defendant deliberately took some affirmative step to conceal the offense.

**FACTUAL BASIS**

4. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a. Beginning on or before January 20, 2009, the defendant became aware that Mario Kelly was wanted for being, and was, in possession of a firearm. The defendant was aware that Mario Kelly was a previously convicted felon, that Mario Kelly was in possession of a firearm defaced Hi Point 9mm firearm, and that it was illegal for Mario Kelly to be in possession of a firearm. On January 20, 2009, the defendant observed Mario Kelly in possession of a firearm while inside 151 Mills Street. Once the defendant and co-defendants Mario Kelly and Nate Richardson realized the police were there looking for Mario Kelly, the defendant Joseph Anderson attempted to conceal Mario Kelly's offense by taking the firearm and hiding it in an effort to prevent its discovery by the police. The defendant did not, at any time on or before January 20, 2009, notify the authorities of the firearm possession by Mario Kelly and furthermore, attempted to hide Mario Kelly's firearm possession from the police. Additionally, defendant Joseph Anderson's parole officers had specifically instructed him to stay away from Mario Kelly and Nate Richardson because of their status as convicted felons. The defendant admits to this conduct.

## III. SENTENCING GUIDELINES

5. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

6. The government and the defendant agree that Guidelines §§ 2X4.1(a), 2K2.1(a)(6), 2K2.1(b)(4)(B) apply to the offense of conviction and provides for a base offense level of 9.

### ACCEPTANCE OF RESPONSIBILITY

7. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility), which would result in a total offense level of **7**.

### CRIMINAL HISTORY CATEGORY

8. It is the understanding of the government and the defendant that the defendant's criminal history category is **VI.** The defendant understands that the defendant has no right to

 withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

**GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT**

9. It is the understanding of the government and the defendant that, with a total offense level of **7** and criminal history category of **VI**, the defendant's sentencing range would be a term of imprisonment of **15** to **21** months, a fine of **$500** to **$5,000**, and a period of supervised release of 1 year. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

10. The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall

also relieve the government from any agreements to dismiss or not pursue additional charges.

11. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV. STATUTE OF LIMITATIONS

12. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to the unlawful possession, manufacture, distribution or importation of controlled substances or the unlawful possession, sale or transfer of firearms which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. GOVERNMENT RIGHTS AND RESERVATIONS

13. At sentencing, the government agrees to take no position as to the specific sentence within the Guidelines range determined by the Court.

14. The defendant understands that the government has reserved the right to:

   a.  provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

   b.  respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

   c.  modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information regarding the recommendation or factor.

15. At sentencing, the government will move to dismiss the open counts of the Indictment in this action as against the defendant.

16. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

17. The defendant understands that, pursuant to Title 18, United States Code, Section 3600, the defendant may have the right to request DNA testing of evidence in the possession of the government. As a condition of this agreement, the defendant voluntarily waives, for all purposes, any right to request DNA testing of any such evidence.

## VI. APPEAL RIGHTS

18. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 9, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant

reserves the right to argue the correctness of the defendant's sentence.

19. The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

20. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 9, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves the right to argue the correctness of the defendant's sentence.

## VII.   TOTAL AGREEMENT AND AFFIRMATIONS

21. This plea agreement represents the total agreement between the defendant, JOSEPH ANDERSON, and the government. There are no promises made by anyone other than those contained in this

agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

WILLIAM J. HOCHUL, Jr.
United States Attorney
Western District of New York

BY: ______________________________
JOSEPH M. TRIPI
Assistant U.S. Attorney

Dated: March 29, 2010

I have read this agreement, which consists of 10 pages. I have had a full opportunity to discuss this agreement with my attorney, Angelo Musitano, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

______________________________
JOSEPH ANDERSON
Defendant

Dated: March 29, 2010

______________________________
ANGELO MUSITANO, ESQ.
Attorney for the Defendant

Dated: March 29, 2010